## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER,

     Plaintiff,

v.

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

     Defendants.

CIVIL ACTION NO.:  CV-2019-902061

### INDEX OF DOCUMENTS

| DOC # | DATE | DOCUMENT DESCRIPTION |
|---|---|---|
| 1. | 7/29/2019 | Civil Cover Sheet |
| 2. | 7/29/2019 | Complaint |
| 3. | 7/29/2019 | Complaint Transmittals |
| 4. | 7/29/2019 | Civil Summons to Frank Cockrell Body Shop, Inc. and Bob House |
| 5. | 8/7/2019 | General Pre-Trial Order |
| 6. | 8/13/2019 | Copy of Complaint for Alias Summons to Bob House |
| 7. | 8/13/2019 | Alias Summons Transmittals |
| 8. | 8/13/2019 | Alias Summons to Bob House |
| 9. | 8/14/2019 | Alias Summons Issued to Bob House via Certified Mail |
| 10. | 9/3/2019 | Copy of Complaint for Alias Summons to Frank Cockrell Body Shop, Inc. |
| 11. | 9/3/2019 | Alias Summons Transmittals |
| 12. | 9/3/2019 | Alias Summons to Frank Cockrell Body Shop, Inc. |
| 13. | 9/3/2019 | Copy of Complaint for Alias Summons to Bob House |
| 14. | 9/3/2019 | Alias Summons Transmittals |
| 15. | 9/3/2019 | Alias Summons Issued to Bob House via private process server |
| 16. | 9/9/2019 | Return of Service on Bob House by private process server on 9/5/2019 |
| 17. | 9/9/2019 | Service Return Transmittals |

*Porter v. Frank Cockrell Body Shop, Inc.*
*Civil Action No. CV-2019-902061*
*Page 2*

| DOC # | DATE | DOCUMENT DESCRIPTION |
|---|---|---|
| 18. | 9/9/2019 | Return of Service on Frank Cockrell Body Shop, Inc. by private process server on 9/5/2019 |
| 19. | 9/9/2019 | Service Return Transmittals |
| 20. | 9/11/2019 | Certified Mail to Bob House Returned No Service |
| 21. | 9/11/2019 | Service Return Transmittals |
| 22. | 10/11/2019 | Notice of Appearance of Melissa P. Hunter as counsel Defendants |
| 23. | 10/11/2019 | Notice of Appearance Transmittals |
| 24. | 10/15/2019 | Motion Coversheet – Motion for More Definite Statement |
| 25. | 10/15/2019 | Motion for More Definite Statement |
| 26. | 10/15/2019 | Motion Transmittals – Motion for More Definite Statement |
| 27. | 10/16/2019 | Notice of Case Setting re: Motion for More Definite Statement |
| 28. | 10/16/2019 | Notice of Appearance of Edward T. Overton as counsel Defendants |
| 29. | 10/16/2019 | Notice of Appearance Transmittals |
| 30. | 10/28/2019 | Plaintiff's Response to Defendants' Motion for More Definite Statement |
| 31. | 10/28/2019 | Plaintiff's Response Transmittals |
| 32. | 11/1/2019 | Order re: Motion for More Definite Statement MOOT |
| 33. | 11/1/2019 | Order Transmittals |
| 34. | 11/13/2019 | Defendants' Answer to Plaintiff's Complaint |
| 35. | 11/13/2019 | Answer Transmittals |
| 36. | 1/16/2020 | Amended Complaint |
| 37. | 1/16/2020 | Amended Complaint Transmittals |
| 38. | 01/30/2020 | Notice of Filing Notice of Removal |
| 39. | 01/30/2020 | Notice of Removal Transmittals |
| 40. | 01/30/2020 | Alabama SJIS Case Action Summary |

# DOC 1

ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br>Date of Filing:<br>07/29/2019    Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### KAREN PORTER v. FRANK COCKRELL BODY SHOP, INC. ET AL

**First Plaintiff:** ☐ Business   ☑ Individual         **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other                                        ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
        Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
        Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**          A ☐ **APPEAL FROM**          O ☐ **OTHER**
                                                  **DISTRICT COURT**

         R ☐ **REMANDED**                  T ☐ **TRANSFERRED FROM**
                                                  **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO     Note: Checking "Yes" does not constitute a demand for a
                                                            jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**         ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
    RIC102                    7/29/2019 4:04:15 PM              /s/ ABBY MORROW RICHARDSON
                              Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☑ NO

# DOC 2

ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| KAREN PORTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NUMBER |
| | * | |
| v. | * | |
| | * | _____ |
| FRANK COCKRELL BODY SHOP | * | |
| INC. d/b/a COCKRELL'S BODY | * | |
| SHOP, and BOB HOUSE, | * | **JURY TRIAL REQUESTED** |
| | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Plaintiff KAREN PORTER, and files this Complaint and for causes of action as follows:

### PARTIES

1.     The Plaintiff, Karen Porter, is over the age of nineteen years and is currently and was at times material to this Complaint a resident of Mobile County, Alabama.

2.     The Defendant, Frank Cockrell Body Shop Inc., d/b/a Cockrell's Body Shop (hereinafter referred to as "Cockrell's") is a domestic corporation conducting business in Mobile County. The company consists of at least three locations where it conducts automotive repair services.

3.     The Defendant, Bob House, is over the age of nineteen years and is a resident of the State of Alabama. Mr. House was a Supervisor employed by Cockrell's

1

and was Ms. Porter's immediate supervisor.

## FACTS

4.     Plaintiff, Karen Porter, worked at Cockrell's Body Shop as Parts Manager from May 25, 2017 until December 29, 2017, when she was terminated. While working at Cockrell's, Ms. Porter was discriminated against on account of her sex and subjected to a sexually hostile working environment and quid pro quo sexual harassment.

5.     Within the first week of working at Cockrell's, Ms. Porter began to be sexually harassed by her manager, Defendant Bob House.

6.     The harassment began as verbal harassment, then quickly escalated. House told Porter that she should get a pre-paid Visa card so they could get a room to have a "quickie" during lunch. She declined.

7.     Sexual comments and innuendo were constantly a part of Mr. House's interactions with Ms. Porter. House repeatedly commented on Ms. Porter's jeans and her buttocks. House once, in a meeting and in front of other employees, made a comment about the cream in the donuts, referencing the cream in his pants. Mr. House also talked about his wife's body and their sexual activities.

8.     House asked Ms. Porter to arrive to work early in the morning so they could have some time alone together. Ms. Porter declined.

9.     The verbal harassment ultimately became physical. Beginning in the summer of 2017 and continuously throughout the remainder of her employment, Mr. House repeatedly grabbed Ms. Porter's buttocks and breasts while she was working.

2

10.    Mr. House repeatedly put his hand down the back of Ms. Porter's pants.

11.    On each of these occasions, Ms. Porter would pull away and tell him to stop.

12.    The physical assaults happened, on average, at least twice a day.

13.    On several occasions, Mr. House trapped Ms. Porter in the paint storage room, put his foot on the door so she could not escape, and groped her all over her body – including her breasts and buttocks. He attempted to put his hands down her pants and tried to kiss her. Ms. Porter pushed him off and told him to stop.  The first of these occasions was in August or September, 2017.

14.    Ultimately, House terminated Porter and replaced her with a lesser qualified male, Bobby Nichols.

15.    On information and belief, Defendant Cockrell's, through its managers and employees, was aware or should have been aware of House's actions and took no steps to stop them.

16.    As a result of Defendants' actions and omissions, Plaintiff has suffered extreme emotional distress, mental anguish, and anxiety. In addition, Plaintiff has suffered lost wages and future earning capacity.

## CAUSES OF ACTION AND RELIEF SOUGHT

17.    The Plaintiff, Karen Porter, seeks damages against the Defendants for the following:

a)    Assault;

3

b)      Battery;

c)      Outrage/Intentional infliction of emotional distress;

d)      Negligent and wanton training, supervision, and

retention;

e)      False Imprisonment;

and

f)      Invasion of privacy.

## COUNT ONE
*(Assault)*

18.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1
through 17 as fully set forth herein.

19.     Plaintiff claims the Defendants acted separately, severally, and jointly to
tortiously assault Plaintiff on the multiple occasions described above. These acts were
done in the line and scope of employment, and/or in furtherance of the employer's
interest, and/or participated in, authorized, and/or ratified by the Defendants.
Defendants also had actual and/or constructive knowledge of the tortious conduct and
failed to take adequate steps to remedy the situation. As a direct and proximate result,
Plaintiff has suffered extreme harm.

## COUNT TWO
*(Battery)*

20.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1
through 19 as fully set forth herein.

21.     Plaintiff claims the Defendants acted separately, severally, and jointly to

4

tortiously batter Plaintiff on the multiple occasions described herein. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT THREE
*(Outrage/Intentional Infliction of Emotional Distress)*

22. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 21 as fully set forth herein.

23. Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously, intentionally, and/or recklessly inflict emotional distress on Plaintiff. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants' conduct was extreme and outrageous and caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FOUR
*(Negligent and/or wanton training, supervision, and retention)*

24. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 23 as fully set forth herein.

5

25.     Plaintiff claims the Defendant Cockrell's negligently and/or wantonly failed to train and supervise its employees, proximately causing the severe harm suffered by Plaintiff. Defendant Cockrell's negligently and/or wantonly retained and failed to train or adequately supervise the offending employees after actual and/or constructive knowledge of their tortious acts. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FIVE
### *(False Imprisonment)*

26.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 25 as fully set forth herein.

27.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully detained Plaintiff for a length of time with direct restraint whereby she was deprived of her personal liberty. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SIX
### *(Invasion of Privacy)*

28.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 27 as fully set forth herein.

29.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully intruded upon the Plaintiff's physical solitude or seclusion. These

6

acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## **PRAYER FOR RELIEF**

WHEREFORE, the above premises considered, the Plaintiff prays that this Honorable Court enter judgment against the Defendants for the following relief:

1)   Compensatory damages;

2)   Punitive damages;

3)   Damages for emotional distress and mental anguish;

4)   Lost income and future earning capacity; and

5)   Any and all other and different relief that she may be entitled.

**Plaintiff respectfully requests trial by jury.**

Respectfully submitted,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RIC102)
*Attorney for Plaintiff*

7

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 338-1695
Facsimile: (251) 338-1698
Email:     *abby@richardsonlawllc.com*

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

FRANK COCKRELL BODY SHOP, INC.
c/o Christina M. Johnston
5756 Vaughn Dr. E.
Satsuma, AL 36572

BOB HOUSE
3324 Harbor View Court
Mobile, AL 36605-4426

8

# DOC 3



AlaFile E-Notice

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date:     7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: FRANK COCKRELL BODY SHOP, INC.
C/O CHRISTINA M. JOHNSTON
5756 VAUGHN DRIVE E.
SATSUMA, AL, 36572

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date:    7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To:  BOB HOUSE
3324 HARBOR VIEW COURT
MOBILE, AL, 36605

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date:     7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 4

| State of Alabama<br>**Unified Judicial System**<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-902061.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL**

**NOTICE TO:** FRANK COCKRELL BODY SHOP, INC., C/O CHRISTINA M. JOHNSTON 5756 VAUGHN DRIVE E., SATSUMA, AL 36572

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAREN PORTER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/29/2019 4:05:59 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ ABBY MORROW RICHARDSON
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on
*(Date)*

*(Address of Server)*

*(Type of Process Server)*    *(Server's Signature)*

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-902061.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL**

**NOTICE TO:** BOB HOUSE, 3324 HARBOR VIEW COURT, MOBILE, AL 36605

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAREN PORTER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/29/2019 4:05:59 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

| ☑ Certified Mail is hereby requested. | /s/ ABBY MORROW RICHARDSON |
|---|---|
| | *(Plaintiff's/Attorney's Signature)* |

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                     County,

*(Name of Person Served)*                 *(Name of County)*

Alabama on

*(Date)*

*(Address of Server)*

*(Type of Process Server)*          *(Server's Signature)*

*(Server's Printed Name)*          *(Phone Number of Server)*

# DOC 5

DOCUMENT 3

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| _____ | * | |
| _____ | * | |
| Plaintiff(s) | * | |
| vs. | * | CIVIL ACTION NO. _____ |
| _____ | * | DATE COMPLAINT FILED _____ |
| _____ | * | |
| Defendant(s) | * | |

ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)   The date the complaint was filed;

(2)   That the issues in the case have been defined and joined;

(3)   That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)   That a jury trial has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

### 1. EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.     Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.     Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.     Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

### 2. DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.     If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.     Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.     The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

### 3. DAMAGES

a.     All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.     Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

### 4. AGENCY-TIME AND PLACE-DUTY

a.     Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.  Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion.  Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.   JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.  Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.   JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.   DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.   MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.   CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

Presiding Judge, John R. Luckett

# DOC 6



ELECTRONICALLY FILED
8/13/2019 3:25 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

AlaFile E-Notice

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date: 7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca: CIRCUIT COURT OF<br>02 MOBILE COUNTY, ALABAMA<br>JOJO SCHWARZAUER, CLERK<br>Date of Filing: Judge Code:<br>07/29/2019 |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
KAREN PORTER v. FRANK COCKRELL BODY SHOP, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual
☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING**

A ☐ **APPEAL FROM DISTRICT COURT**

O ☐ **OTHER**

R ☐ **REMANDED**

T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑YES ☐NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑MONETARY AWARD REQUESTED ☐NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
RIC102

7/29/2019 4:04:15 PM
Date

/s/ ABBY MORROW RICHARDSON
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐YES ☑NO ☐UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐YES ☑NO

ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| KAREN PORTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NUMBER |
| | * | |
| v. | * | |
| | * | |
| FRANK COCKRELL BODY SHOP | * | |
| INC. d/b/a COCKRELL'S BODY | * | |
| SHOP, and BOB HOUSE, | * | **JURY TRIAL REQUESTED** |
| | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Plaintiff KAREN PORTER, and files this Complaint and for causes of action as follows:

### PARTIES

1. The Plaintiff, Karen Porter, is over the age of nineteen years and is currently and was at times material to this Complaint a resident of Mobile County, Alabama.

2. The Defendant, Frank Cockrell Body Shop Inc., d/b/a Cockrell's Body Shop (hereinafter referred to as "Cockrell's") is a domestic corporation conducting business in Mobile County. The company consists of at least three locations where it conducts automotive repair services.

3. The Defendant, Bob House, is over the age of nineteen years and is a resident of the State of Alabama. Mr. House was a Supervisor employed by Cockrell's

1

and was Ms. Porter's immediate supervisor.

## FACTS

4.    Plaintiff, Karen Porter, worked at Cockrell's Body Shop as Parts Manager from May 25, 2017 until December 29, 2017, when she was terminated. While working at Cockrell's, Ms. Porter was discriminated against on account of her sex and subjected to a sexually hostile working environment and quid pro quo sexual harassment.

5.    Within the first week of working at Cockrell's, Ms. Porter began to be sexually harassed by her manager, Defendant Bob House.

6.    The harassment began as verbal harassment, then quickly escalated. House told Porter that she should get a pre-paid Visa card so they could get a room to have a "quickie" during lunch. She declined.

7.    Sexual comments and innuendo were constantly a part of Mr. House's interactions with Ms. Porter. House repeatedly commented on Ms. Porter's jeans and her buttocks. House once, in a meeting and in front of other employees, made a comment about the cream in the donuts, referencing the cream in his pants. Mr. House also talked about his wife's body and their sexual activities.

8.    House asked Ms. Porter to arrive to work early in the morning so they could have some time alone together. Ms. Porter declined.

9.    The verbal harassment ultimately became physical. Beginning in the summer of 2017 and continuously throughout the remainder of her employment, Mr. House repeatedly grabbed Ms. Porter's buttocks and breasts while she was working.

2

10.     Mr. House repeatedly put his hand down the back of Ms. Porter's pants.

11.     On each of these occasions, Ms. Porter would pull away and tell him to stop.

12.     The physical assaults happened, on average, at least twice a day.

13.     On several occasions, Mr. House trapped Ms. Porter in the paint storage room, put his foot on the door so she could not escape, and groped her all over her body – including her breasts and buttocks. He attempted to put his hands down her pants and tried to kiss her. Ms. Porter pushed him off and told him to stop.  The first of these occasions was in August or September, 2017.

14.     Ultimately, House terminated Porter and replaced her with a lesser qualified male, Bobby Nichols.

15.     On information and belief, Defendant Cockrell's, through its managers and employees, was aware or should have been aware of House's actions and took no steps to stop them.

16.     As a result of Defendants' actions and omissions, Plaintiff has suffered extreme emotional distress, mental anguish, and anxiety. In addition, Plaintiff has suffered lost wages and future earning capacity.

## CAUSES OF ACTION AND RELIEF SOUGHT

17.     The Plaintiff, Karen Porter, seeks damages against the Defendants for the following:

a)      Assault;

3

b)    Battery;

c)    Outrage/Intentional infliction of emotional distress;

d)    Negligent and wanton training, supervision, and

retention;

e)    False Imprisonment;

and

f)    Invasion of privacy.

## COUNT ONE
### *(Assault)*

18.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 17 as fully set forth herein.

19.    Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously assault Plaintiff on the multiple occasions described above. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT TWO
### *(Battery)*

20.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 19 as fully set forth herein.

21.    Plaintiff claims the Defendants acted separately, severally, and jointly to

4

tortiously batter Plaintiff on the multiple occasions described herein. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT THREE
*(Outrage/Intentional Infliction of Emotional Distress)*

22.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 21 as fully set forth herein.

23.    Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously, intentionally, and/or recklessly inflict emotional distress on Plaintiff. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants' conduct was extreme and outrageous and caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FOUR
*(Negligent and/or wanton training, supervision, and retention)*

24.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 23 as fully set forth herein.

5

25.     Plaintiff claims the Defendant Cockrell's negligently and/or wantonly failed to train and supervise its employees, proximately causing the severe harm suffered by Plaintiff. Defendant Cockrell's negligently and/or wantonly retained and failed to train or adequately supervise the offending employees after actual and/or constructive knowledge of their tortious acts. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FIVE
*(False Imprisonment)*

26.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 25 as fully set forth herein.

27.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully detained Plaintiff for a length of time with direct restraint whereby she was deprived of her personal liberty. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SIX
*(Invasion of Privacy)*

28.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 27 as fully set forth herein.

29.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully intruded upon the Plaintiff's physical solitude or seclusion. These

6

acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiff prays that this Honorable Court enter judgment against the Defendants for the following relief:

1)   Compensatory damages;

2)   Punitive damages;

3)   Damages for emotional distress and mental anguish;

4)   Lost income and future earning capacity; and

5)   Any and all other and different relief that she may be entitled.

**Plaintiff respectfully requests trial by jury.**

Respectfully submitted,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RIC102)
*Attorney for Plaintiff*

7

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 338-1695
Facsimile: (251) 338-1698
Email: *abby@richardsonlawllc.com*

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

FRANK COCKRELL BODY SHOP, INC.
c/o Christina M. Johnston
5756 Vaughn Dr. E.
Satsuma, AL 36572

BOB HOUSE
3324 Harbor View Court
Mobile, AL 36605-4426

# DOC 7



**AlaFile E-Notice**

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 8/13/2019 3:27:21 PM

Notice Date:     8/13/2019 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: FRANK COCKRELL BODY SHOP, INC. (PRO SE)
C/O CHRISTINA M. JOHNSTON
5756 VAUGHN DRIVE E.
SATSUMA, AL, 36572-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 8/13/2019 3:27:21 PM

Notice Date:     8/13/2019 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00

To: BOB HOUSE
3367 RIVERSIDE DRIVE W
MOBILE, AL, 36605

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 8/13/2019 3:27:21 PM

Notice Date:     8/13/2019 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 8

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-902061.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL**

**NOTICE TO:** BOB HOUSE, 3367 RIVERSIDE DRIVE W, MOBILE, AL 36605

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of PORTER KAREN

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 8/13/2019 3:27:21 PM | /s/ JOJO SCHWARZAUER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

| ☑ Certified Mail is hereby requested. | /s/ ABBY MORROW RICHARDSON |
|---|---|
| | *(Plaintiff's/Attorney's Signature)* |

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* *(Name of County)*

Alabama on _____ .

*(Date)*

_____
*(Address of Server)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Server's Printed Name)*

_____
*(Phone Number of Server)*

# DOC 9

DOCUMENT 9

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2019-902061.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

**NOTICE TO:** BOB HOUSE, 3367 RIVERSIDE DRIVE W, MOBILE, AL 36605

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ABBY MORROW RICHARDSON

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of PORTER KAREN
pursuant to the Alabama Rules of the Civil Procedure.                                      *[Name(s)]*

| 8/13/2019 3:27:21 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ ABBY MORROW RICHARDSON
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*

Alabama on _____

*(Date)*

_____         _____
*(Type of Process Server)*         *(Server's Signature)*

_____
*(Server's Printed Name)*

02-CV-2019-902...
KAREN PORTER V. FRANK COCKRELL...

C001 - PORTER KAREN                v.
*(Plaintiff)*

/s/ JOJO SCHWARZAUER Circuit Clerk
COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

# DOC 10



**AlaFile E-Notice**


ELECTRONICALLY FILED
9/3/2019 1:19 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date:     7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

DOCUMENT 10
ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br>Date of Filing:<br>07/29/2019    Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### KAREN PORTER v. FRANK COCKRELL BODY SHOP, INC. ET AL

**First Plaintiff:** ☐ Business   ☑ Individual    **First Defendant:** ☑ Business   ☐ Individual
     ☐ Government   ☐ Other                 ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

      R ☐ REMANDED            T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

RIC102             7/29/2019 4:04:15 PM          /s/ ABBY MORROW RICHARDSON
                      Date                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| KAREN PORTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NUMBER |
| | * | |
| v. | * | |
| | * | |
| FRANK COCKRELL BODY SHOP | * | |
| INC. d/b/a COCKRELL'S BODY | * | |
| SHOP, and BOB HOUSE, | * | **JURY TRIAL REQUESTED** |
| | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Plaintiff KAREN PORTER, and files this Complaint and for causes of action as follows:

### PARTIES

1.      The Plaintiff, Karen Porter, is over the age of nineteen years and is currently and was at times material to this Complaint a resident of Mobile County, Alabama.

2.      The Defendant, Frank Cockrell Body Shop Inc., d/b/a Cockrell's Body Shop (hereinafter referred to as "Cockrell's") is a domestic corporation conducting business in Mobile County. The company consists of at least three locations where it conducts automotive repair services.

3.      The Defendant, Bob House, is over the age of nineteen years and is a resident of the State of Alabama. Mr. House was a Supervisor employed by Cockrell's

1

and was Ms. Porter's immediate supervisor.

## FACTS

4.      Plaintiff, Karen Porter, worked at Cockrell's Body Shop as Parts Manager from May 25, 2017 until December 29, 2017, when she was terminated. While working at Cockrell's, Ms. Porter was discriminated against on account of her sex and subjected to a sexually hostile working environment and quid pro quo sexual harassment.

5.      Within the first week of working at Cockrell's, Ms. Porter began to be sexually harassed by her manager, Defendant Bob House.

6.      The harassment began as verbal harassment, then quickly escalated. House told Porter that she should get a pre-paid Visa card so they could get a room to have a "quickie" during lunch. She declined.

7.      Sexual comments and innuendo were constantly a part of Mr. House's interactions with Ms. Porter. House repeatedly commented on Ms. Porter's jeans and her buttocks. House once, in a meeting and in front of other employees, made a comment about the cream in the donuts, referencing the cream in his pants. Mr. House also talked about his wife's body and their sexual activities.

8.      House asked Ms. Porter to arrive to work early in the morning so they could have some time alone together. Ms. Porter declined.

9.      The verbal harassment ultimately became physical. Beginning in the summer of 2017 and continuously throughout the remainder of her employment, Mr. House repeatedly grabbed Ms. Porter's buttocks and breasts while she was working.

2

10. Mr. House repeatedly put his hand down the back of Ms. Porter's pants.

11. On each of these occasions, Ms. Porter would pull away and tell him to stop.

12. The physical assaults happened, on average, at least twice a day.

13. On several occasions, Mr. House trapped Ms. Porter in the paint storage room, put his foot on the door so she could not escape, and groped her all over her body – including her breasts and buttocks. He attempted to put his hands down her pants and tried to kiss her. Ms. Porter pushed him off and told him to stop. The first of these occasions was in August or September, 2017.

14. Ultimately, House terminated Porter and replaced her with a lesser qualified male, Bobby Nichols.

15. On information and belief, Defendant Cockrell's, through its managers and employees, was aware or should have been aware of House's actions and took no steps to stop them.

16. As a result of Defendants' actions and omissions, Plaintiff has suffered extreme emotional distress, mental anguish, and anxiety. In addition, Plaintiff has suffered lost wages and future earning capacity.

## CAUSES OF ACTION AND RELIEF SOUGHT

17. The Plaintiff, Karen Porter, seeks damages against the Defendants for the following:

a) Assault;

3

b)    Battery;

c)    Outrage/Intentional infliction of emotional distress;

d)    Negligent and wanton training, supervision, and retention;

e)    False Imprisonment; and

f)    Invasion of privacy.

## COUNT ONE
### (*Assault*)

18.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 17 as fully set forth herein.

19.    Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously assault Plaintiff on the multiple occasions described above. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT TWO
### (*Battery*)

20.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 19 as fully set forth herein.

21.    Plaintiff claims the Defendants acted separately, severally, and jointly to

tortiously batter Plaintiff on the multiple occasions described herein. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

### COUNT THREE
*(Outrage/Intentional Infliction of Emotional Distress)*

22.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 21 as fully set forth herein.

23.     Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously, intentionally, and/or recklessly inflict emotional distress on Plaintiff. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants' conduct was extreme and outrageous and caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. As a direct and proximate result, Plaintiff has suffered extreme harm.

### COUNT FOUR
*(Negligent and/or wanton training, supervision, and retention)*

24.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 23 as fully set forth herein.

5

25.     Plaintiff claims the Defendant Cockrell's negligently and/or wantonly failed to train and supervise its employees, proximately causing the severe harm suffered by Plaintiff. Defendant Cockrell's negligently and/or wantonly retained and failed to train or adequately supervise the offending employees after actual and/or constructive knowledge of their tortious acts. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FIVE
*(False Imprisonment)*

26.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 25 as fully set forth herein.

27.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully detained Plaintiff for a length of time with direct restraint whereby she was deprived of her personal liberty. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SIX
*(Invasion of Privacy)*

28.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 27 as fully set forth herein.

29.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully intruded upon the Plaintiff's physical solitude or seclusion. These

6

acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## **PRAYER FOR RELIEF**

WHEREFORE, the above premises considered, the Plaintiff prays that this Honorable Court enter judgment against the Defendants for the following relief:

1)   Compensatory damages;

2)   Punitive damages;

3)   Damages for emotional distress and mental anguish;

4)   Lost income and future earning capacity; and

5)   Any and all other and different relief that she may be entitled.

**Plaintiff respectfully requests trial by jury.**

Respectfully submitted,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RIC102)
*Attorney for Plaintiff*

7

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone:    (251) 338-1695
Facsimile:    (251) 338-1698
Email:        *abby@richardsonlawllc.com*

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

FRANK COCKRELL BODY SHOP, INC.
c/o Christina M. Johnston
5756 Vaughn Dr. E.
Satsuma, AL 36572

BOB HOUSE
3324 Harbor View Court
Mobile, AL 36605-4426

# DOC 11



**AlaFile E-Notice**

02-CV-2019-902061.00

To:  ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:20:26 PM

Notice Date:      9/3/2019 1:20:26 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00

To: FRANK COCKRELL BODY SHOP, INC.
C/O CHRISTINA M. JOHNSTON
5756 VAUGHN DRIVE E.
SATSUMA, AL, 36572

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:20:26 PM

Notice Date:     9/3/2019 1:20:26 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: HOUSE BOB (PRO SE)
3367 RIVERSIDE DRIVE W
MOBILE, AL, 36605-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:20:26 PM

Notice Date:    9/3/2019 1:20:26 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 12

| State of Alabama | **SUMMONS** | **Court Case Number** |
| Unified Judicial System | **- CIVIL -** | 02-CV-2019-902061.00 |
| Form C-34  Rev. 4/2017 | | |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

**NOTICE TO:** FRANK COCKRELL BODY SHOP, INC., C/O CHRISTINA M. JOHNSTON 5756 VAUGHN DRIVE E., SATSUMA, AL 36572

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 09/03/2019 | /s/ JOJO SCHWARZAUER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                                        *(Name of County)*

Alabama on _____

*(Date)*

_____
*(Address of Server)*

_____                    _____
*(Type of Process Server)*        *(Server's Signature)*

_____                    _____
*(Server's Printed Name)*        *(Phone Number of Server)*

# DOC 13



**AlaFile E-Notice**

ELECTRONICALLY FILED
9/3/2019 1:25 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK



02-CV-2019-902061.00

To:  ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 7/29/2019 4:05:59 PM

Notice Date:     7/29/2019 4:05:59 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Ca:<br>02<br>Date or Filing:<br>07/29/2019 | CIRCUIT COURT OF<br>MOBILE COUNTY, ALABAMA<br>JOJO SCHWARZAUER, CLERK<br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### KAREN PORTER v. FRANK COCKRELL BODY SHOP, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual      **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other      ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO      Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
RIC102      7/29/2019 4:04:15 PM      /s/ ABBY MORROW RICHARDSON
Date      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
7/29/2019 4:04 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| KAREN PORTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NUMBER |
| | * | |
| v. | * | |
| | * | _____ |
| FRANK COCKRELL BODY SHOP | * | |
| INC. d/b/a COCKRELL'S BODY | * | |
| SHOP, and BOB HOUSE, | * | **JURY TRIAL REQUESTED** |
| | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Plaintiff KAREN PORTER, and files this Complaint and for causes of action as follows:

### PARTIES

1.    The Plaintiff, Karen Porter, is over the age of nineteen years and is currently and was at times material to this Complaint a resident of Mobile County, Alabama.

2.    The Defendant, Frank Cockrell Body Shop Inc., d/b/a Cockrell's Body Shop (hereinafter referred to as "Cockrell's") is a domestic corporation conducting business in Mobile County. The company consists of at least three locations where it conducts automotive repair services.

3.    The Defendant, Bob House, is over the age of nineteen years and is a resident of the State of Alabama. Mr. House was a Supervisor employed by Cockrell's

1

and was Ms. Porter's immediate supervisor.

## FACTS

4.    Plaintiff, Karen Porter, worked at Cockrell's Body Shop as Parts Manager from May 25, 2017 until December 29, 2017, when she was terminated. While working at Cockrell's, Ms. Porter was discriminated against on account of her sex and subjected to a sexually hostile working environment and quid pro quo sexual harassment.

5.    Within the first week of working at Cockrell's, Ms. Porter began to be sexually harassed by her manager, Defendant Bob House.

6.    The harassment began as verbal harassment, then quickly escalated. House told Porter that she should get a pre-paid Visa card so they could get a room to have a "quickie" during lunch. She declined.

7.    Sexual comments and innuendo were constantly a part of Mr. House's interactions with Ms. Porter.  House repeatedly commented on Ms. Porter's jeans and her buttocks.  House once, in a meeting and in front of other employees, made a comment about the cream in the donuts, referencing the cream in his pants. Mr. House also talked about his wife's body and their sexual activities.

8.    House asked Ms. Porter to arrive to work early in the morning so they could have some time alone together.  Ms. Porter declined.

9.    The verbal harassment ultimately became physical.  Beginning in the summer of 2017 and continuously throughout the remainder of her employment, Mr. House repeatedly grabbed Ms. Porter's buttocks and breasts while she was working.

2

10. Mr. House repeatedly put his hand down the back of Ms. Porter's pants.

11. On each of these occasions, Ms. Porter would pull away and tell him to stop.

12. The physical assaults happened, on average, at least twice a day.

13. On several occasions, Mr. House trapped Ms. Porter in the paint storage room, put his foot on the door so she could not escape, and groped her all over her body – including her breasts and buttocks. He attempted to put his hands down her pants and tried to kiss her. Ms. Porter pushed him off and told him to stop. The first of these occasions was in August or September, 2017.

14. Ultimately, House terminated Porter and replaced her with a lesser qualified male, Bobby Nichols.

15. On information and belief, Defendant Cockrell's, through its managers and employees, was aware or should have been aware of House's actions and took no steps to stop them.

16. As a result of Defendants' actions and omissions, Plaintiff has suffered extreme emotional distress, mental anguish, and anxiety. In addition, Plaintiff has suffered lost wages and future earning capacity.

## CAUSES OF ACTION AND RELIEF SOUGHT

17. The Plaintiff, Karen Porter, seeks damages against the Defendants for the following:

a) Assault;

3

b)      Battery;

c)      Outrage/Intentional infliction of emotional distress;

d)      Negligent and wanton training, supervision, and

retention;

e)      False Imprisonment;

and

f)      Invasion of privacy.

## COUNT ONE
*(Assault)*

18.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 17 as fully set forth herein.

19.     Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously assault Plaintiff on the multiple occasions described above. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT TWO
*(Battery)*

20.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 19 as fully set forth herein.

21.     Plaintiff claims the Defendants acted separately, severally, and jointly to

4

tortiously batter Plaintiff on the multiple occasions described herein. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT THREE
*(Outrage/Intentional Infliction of Emotional Distress)*

22.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 21 as fully set forth herein.

23.    Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously, intentionally, and/or recklessly inflict emotional distress on Plaintiff. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants' conduct was extreme and outrageous and caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FOUR
*(Negligent and/or wanton training, supervision, and retention)*

24.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 23 as fully set forth herein.

5

25.    Plaintiff claims the Defendant Cockrell's negligently and/or wantonly failed to train and supervise its employees, proximately causing the severe harm suffered by Plaintiff. Defendant Cockrell's negligently and/or wantonly retained and failed to train or adequately supervise the offending employees after actual and/or constructive knowledge of their tortious acts. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FIVE
### (*False Imprisonment*)

26.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 25 as fully set forth herein.

27.    Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully detained Plaintiff for a length of time with direct restraint whereby she was deprived of her personal liberty. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SIX
### (*Invasion of Privacy*)

28.    Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 27 as fully set forth herein.

29.    Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully intruded upon the Plaintiff's physical solitude or seclusion. These

6

acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiff prays that this Honorable Court enter judgment against the Defendants for the following relief:

1) Compensatory damages;

2) Punitive damages;

3) Damages for emotional distress and mental anguish;

4) Lost income and future earning capacity; and

5) Any and all other and different relief that she may be entitled.

**Plaintiff respectfully requests trial by jury.**

Respectfully submitted,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RIC102)
*Attorney for Plaintiff*

7

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone:   (251) 338-1695
Facsimile:   (251) 338-1698
Email:       abby@richardsonlawllc.com

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

FRANK COCKRELL BODY SHOP, INC.
c/o Christina M. Johnston
5756 Vaughn Dr. E.
Satsuma, AL 36572

BOB HOUSE
3324 Harbor View Court
Mobile, AL 36605-4426

8

# DOC 14



**AlaFile E-Notice**

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:26:37 PM

Notice Date:     9/3/2019 1:26:37 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: BOB HOUSE
3367 RIVERSIDE DRIVE W
MOBILE, AL, 36605

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:26:37 PM

Notice Date: 9/3/2019 1:26:37 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: FRANK COCKRELL BODY SHOP, INC. (PRO SE)
C/O CHRISTINA M. JOHNSTON
5756 VAUGHN DRIVE E.
SATSUMA, AL, 36572-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following alias summons was FILED on 9/3/2019 1:26:37 PM

Notice Date:     9/3/2019 1:26:37 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 15

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-902061.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

**NOTICE TO:** BOB HOUSE, 3367 RIVERSIDE DRIVE W, MOBILE, AL 36605

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                        *[Name(s)]*

| 09/03/2019 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*       *(Name of County)*

Alabama on _____ .

*(Date)*

_____
*(Address of Server)*

_____      _____
*(Type of Process Server)*      *(Server's Signature)*

_____
*(Server's Printed Name)*      *(Phone Number of Server)*

# DOC 16

DOCUMENT 16

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2017

# SUMMONS - CIVIL -

Court Case Number
02-CV-2019-902061.00

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

NOTICE TO: BOB HOUSE, 3367 RIVERSIDE DRIVE W, MOBILE, AL 36605
(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ABBY MORROW RICHARDSON ,
(Name(s) of Attorney(s))

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602 .
(Address(es) of Plaintiff(s) or Attorney(s))

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of ______ (Name(s)) pursuant to the Alabama Rules of the Civil Procedure.

09/03/2019 (Date) /s/ JOJO SCHWARZAUER (Signature of Clerk) By: ______ (Name)

☐ Certified Mail is hereby requested. ______ (Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on ______ (Date).

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to BOB HOUSE (Name of Person Served) in MOBILE (Name of County) County, Alabama on 9-5-19 (Date)

PRIVATE (Type of Process Server)

[signature] (Server's Signature)

JAMES FUQUA (Server's Printed Name)

FUQUA Process Service
P.O. Box 180277
Mobile, Alabama 36618
(Address of Server)

251-643-0034
(Phone Number of Server)

**02-CV-2019-902061.00**
KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

C001 - PORTER KAREN (Plaintiff) v. D002 - BOB HOUSE (Defendant)

**SERVICE RETURN COPY**

# DOC 17



**AlaFile E-Notice**

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was served on 9/5/2019

**D002 HOUSE BOB**
**Corresponding To**
PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 18

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-902061.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

**NOTICE TO:** FRANK COCKRELL BODY SHOP, INC., C/O CHRISTINA M. JOHNSTON 5758 VAUGHN DRIVE E., SATSUMA, AL 36572

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ABBY MORROW RICHARDSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 118 North Royal Street Suite 100, MOBILE, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
### PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 09/03/2019 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to

CHRISTINA M. JOHNSTON    in    ~~PREICHT~~ BALDWIN    County,
*(Name of Person Served)*    *(Name of County)*

Alabama on 9-5-19
*(Date)*

PRIVATE
*(Type of Process Server)*

*(Server's Signature)*

JAMES FUQUA
*(Server's Printed Name)*

*(Address of Server)* FUQUA Process Service
P.O. Box 180277
Mobile, Alabama 36618
*(Phone Number)* 251 545-0034

**02-CV-2019-902061.00**
KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

| C001 - PORTER KAREN | v. | D001 - FRANK COCKRELL BODY SHOP, INC. |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



### SERVICE RETURN COPY

# DOC 19



AlaFile E-Notice

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was served on 9/5/2019

**D001 FRANK COCKRELL BODY SHOP, INC.**
**Corresponding To**
PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 20

**CERTIFIED MAIL**



7019 1120 0000 4766 7423

JOJO SCHWARZAUR, CIRCUIT CLERK
MOBILE COUNTY - CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936



To: BOB HOUSE

3367 RIVERSIDE DRIVE W

MOBILE, AL, 36605

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BOB HOUSE
3367 RIVERSIDE DRIVE W
MOBILE, AL 36605

2. Article Number (Transfer from service label)

7019 1120 0000 4766 7423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# DOC 21



**AlaFile E-Notice**

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was not served on 9/11/2019

**D002 HOUSE BOB**

**Corresponding To**

UNCLAIMED CERT MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 22


ELECTRONICALLY FILED
10/11/2019 11:13 AM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

KAREN PORTER,

    Plaintiff,

v.

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

CIVIL ACTION NO: CV-2019-902061

## NOTICE OF APPEARANCE

Comes now Melissa P. Hunter of the law firm Galloway, Wettermark & Rutens,

LLP and files this notice of appearance as counsel for Frank Cockrell Body Shop d/b/a

Cockrell's Body Shop and Bob House in the above-styled case.

> **s/Melissa P. Hunter**
> MELISSA P. HUNTER (PIG003)
> mhunter@gallowayllp.com
> GALLOWAY, WETTERMARK
>   & RUTENS, LLP
> Post Office Box 16629
> Mobile, Alabama 36616-0629
> PH: (251)476-4493 - FX: (251)479-5566
> *Attorneys for Frank Cockrell Body Shop d/b/a*
> *Cockrell's Body Shop and Bob House*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

    Abby M. Richardson, Esq.

> **s/Melissa P. Hunter**

# DOC 23



AlaFile E-Notice

02-CV-2019-902061.00

To:  MELISSA PIGG HUNTER
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF APPEARANCE was FILED on 10/11/2019 11:14:48 AM

Notice Date:     10/11/2019 11:14:48 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 24

Case 1:20-cv-00050-CG-B   Document 2   DOCUMENT 24   Filed 01/30/20   Page 97 of 166   PageID #: 100   ELECTRONICALLY FILED
10/15/2019 4:07 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**STATE OF ALABAMA**  Revised 3/5/08  
Unified Judicial System  
02-MOBILE    ☐ District Court   ☑ Circuit Court   Cas... CV2...

## CIVIL MOTION COVER SHEET

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL

Name of Filing Party: D001 - FRANK COCKRELL BODY SHOP, INC.  
D002 - HOUSE BOB

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.  
MELISSA PIGG HUNTER  
P.O. BOX 16629  
MOBILE, AL 36616  
Attorney Bar No.: PIG003

☐ Oral Arguments Requested

### TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)  
☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)  
☐ Judgment on the Pleadings ($50.00)  
☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)  
☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)  
☐ Summary Judgment pursuant to Rule 56($50.00)  
☐ Motion to Intervene ($297.00)  
☐ Other  
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $   0

**Motions Not Requiring Fee**

☐ Add Party  
☐ Amend  
☐ Change of Venue/Transfer  
☐ Compel  
☐ Consolidation  
☐ Continue  
☐ Deposition  
☐ Designate a Mediator  
☐ Judgment as a Matter of Law (during Trial)  
☐ Disburse Funds  
☐ Extension of Time  
☐ In Limine  
☐ Joinder  
☑ More Definite Statement  
☐ Motion to Dismiss pursuant to Rule 12(b)  
☐ New Trial  
☐ Objection of Exemptions Claimed  
☐ Pendente Lite  
☐ Plaintiff's Motion to Dismiss  
☐ Preliminary Injunction  
☐ Protective Order  
☐ Quash  
☐ Release from Stay of Execution  
☐ Sanctions  
☐ Sever  
☐ Special Practice in Alabama  
☐ Stay  
☐ Strike  
☐ Supplement to Pending Motion  
☐ Vacate or Modify  
☐ Withdraw  
☐ Other _____  
pursuant to Rule _____ (Subject to Filing Fee)

Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date: 10/15/2019 4:06:21 PM

Signature of Attorney or Party  
/s/ MELISSA PIGG HUNTER

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.  
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

# DOC 25

ELECTRONICALLY FILED
10/15/2019 4:07 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

KAREN PORTER,

    Plaintiff,

v.

                              CIVIL ACTION NO.:  CV-2019-902061

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

## MOTION FOR MORE DEFINITE STATEMENT

Come now the Defendants, Bob House and Frank Cockrell Body Shop, Inc., and, pursuant to Rule 12(e) of the Alabama Rules of Civil Procedure, respectfully move the Court for a more definite statement and as grounds therefore would show as follows:

1.    On July 29, 2019, Plaintiff filed her Complaint in the Circuit Court of Mobile County. Defendants were served with a copy of the Complaint on September 5, 2019.

2.    In the Complaint, the Plaintiff alleges that while working at Cockrell's, the Plaintiff was discriminated against on account of her sex and subjected to a sexually hostile working environment and quid pro quo sexual harassment. (Doc 2, ¶ 4). Plaintiff also alleges that she was terminated and replaced with a lesser qualified male. (Doc. 2, ¶ 14).

3.    Plaintiff has not alleged any counts against the Defendant Frank Cockrell Body Shop, Inc., as it concerns the aforementioned factual allegations. The only claims asserted against the Body Shop are for assault, battery, outrage, intentional infliction of emotional distress, negligent and/or wanton, training, supervision and retention, false imprisonment, and invasion of privacy. (Doc. 2).

4.     Plaintiff has specifically included the terms of sexual harassment and discrimination in her factual allegations; however, there is no independent claim for sexual harassment or discrimination under Alabama law.

5.     Defendants seek an Order from the Court directing the Plaintiff to identify any claims based on sexual harassment, retaliation or discrimination that she may be asserting in this lawsuit and to specifically state the legal and factual bases for each of these claims to the extent they are being asserted.

WHEREFORE, in light of the foregoing, the Defendants respectfully request an order from this Court directing the Plaintiff to provide a more definite statement as it concerns the legal and factual bases for the claims contained in Plaintiff's Complaint and identified herein.

Respectfully submitted:

**s/Melissa P. Hunter**
MELISSA P. HUNTER   (PIG003)
mhunter@gallowayllp.com
GALLOWAY, WETTERMARK
   & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493 - FX: (251)479-5566
*Attorneys for Frank Cockrell Body Shop d/b/a*
*Cockrell's Body Shop and Bob House*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Abby M. Richardson, Esq.

**s/Melissa P. Hunter**

2

# DOC 26



**AlaFile E-Notice**

02-CV-2019-902061.00

Judge: MICHAEL A YOUNGPETER

To:  MELISSA PIGG HUNTER
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was FILED on 10/15/2019 4:07:19 PM

**D001 FRANK COCKRELL BODY SHOP, INC.**

**D002 HOUSE BOB**

MOTION FOR MORE DEFINITE STATEMENT

[Filer: HUNTER MELISSA PIGG]

Notice Date:      10/15/2019 4:07:19 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 27



**AlaFile E-Notice**

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: HUNTER MELISSA PIGG
mhunter@gallowayllp.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter is SET FOR HEARING

**D001 FRANK COCKRELL BODY SHOP, INC.**
**D002 HOUSE BOB**

MOTION FOR MORE DEFINITE STATEMENT

[Filer: HUNTER MELISSA PIGG]

Hearing Date:    11/01/2019
Hearing Time:    09:00:00 AM
Location:

Notice Date:     10/16/2019 10:42:15 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 28

ELECTRONICALLY FILED
10/16/2019 1:28 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

KAREN PORTER,

    Plaintiff,

v.

    CIVIL ACTION NO: CV-2019-902061

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

    Defendants.

## NOTICE OF APPEARANCE

Comes now Edward T. Overton, Sr. of the law firm Galloway, Wettermark &

Rutens, LLP and files this notice of appearance as counsel for Frank Cockrell Body

Shop d/b/a Cockrell's Body Shop and Bob House in the above-styled case.

> **s/Edward T. Overton, Sr.**
> MELISSA P. HUNTER (PIG003)
> mhunter@gallowayllp.com
> GALLOWAY, WETTERMARK
>    & RUTENS, LLP
> Post Office Box 16629
> Mobile, Alabama 36616-0629
> PH: (251)476-4493 - FX: (251)479-5566
> *Attorneys for Frank Cockrell Body Shop d/b/a*
> *Cockrell's Body Shop and Bob House*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2019, I electronically filed the
foregoing with the Clerk of the Court using the AlaFile system, which will send
notification of such filing to the following:

    Abby M. Richardson, Esq.

> **s/Edward T. Overton, Sr.**

# DOC 29



**AlaFile E-Notice**

02-CV-2019-902061.00

To: HUNTER MELISSA PIGG
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF APPEARANCE was FILED on 10/16/2019 1:28:05 PM

Notice Date: 10/16/2019 1:28:05 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 30

ELECTRONICALLY FILED
10/28/2019 3:55 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| KAREN PORTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| FRANK COCKRELL BODY SHOP, INC. d/b/a COCKRELL'S BODY SHOP, and BOB HOUSE, | ) |
| | ) |
| Defendants | ) |

CIVIL ACTION NO.: CV-2019-902061

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### MOTION FOR MORE DEFINITE STATEMENT

Comes now the Plaintiff, Karen Porter, and responds to Defendants, Bob House and

Frank Cockrell Body Shop, Inc.'s Motion for More Definite Statement (Doc. 25) ("Motion").

In their Motion, Defendants concede that Plaintiff has asserted claims against Defendants

for assault, battery, outrage, intentional infliction of emotional distress, negligent and/or wanton,

training, supervision and retention, false imprisonment, and invasion of privacy. *See* Doc. 25 at

¶3. However, their Motion complains that the factual allegations in the Complaint also mention

the sex discrimination, sexually hostile working environment, and quid pro quo sexual

harassment to which Plaintiff was subjected by Defendants. (Doc. 25 ¶2; Doc 2, ¶¶ 4, 14).

Plaintiff is aware, as Defendant states, that there is no independent claim for

sexual harassment or discrimination under Alabama law that these factual allegations support.

These allegations do support, however, Plaintiff's claims pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, *et seq*., which were only recently dismissed from the U.S. Equal

Employment Opportunity Commission ("EEOC"). These factual recitations, in addition, provide

fuller description of Ms. Porter's working conditions and factual backdrop for her state law claims.

Undersigned counsel only today received the EEOC's Dismissal and Notice of Right to Sue regarding Ms. Porter's EEOC Charge. Until now, therefore, her Title VII claims were not yet ripe for inclusion in this lawsuit. *See, e.g., Gregory v. Georgia Dept. of Human Resources*, 355 F. 3d 1277, 1279-80 (11th Cir. 2004) (discussing Title VII's EEOC exhaustion requirement); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)("the filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII"). Ms. Porter now has ninety days to proceed on her Title VII claims, and if she chooses to do so as part of the instant lawsuit, she will file a motion to amend her Complaint within the appropriate time frame. For now, however, Plaintiff has pleaded the claims she would like the Court to consider.

Therefore, because Plaintiff has stated in her Complaint the claims she currently wishes to pursue: Assault (Count I); Battery (Count II); Outrage/Intentional Infliction of Emotional Distress (Count III); Negligent and/or Wanton Training, Supervision, and Retention (Count IV); False Imprisonment (Count V); and Invasion of Privacy (Count VI) (*see* Doc. 1 at ¶¶ 17-29), there are currently no claims to be more clearly defined. Should Plaintiff seek to add her Title VII claims to this lawsuit, she will do so via a motion to amend her Complaint.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests that Defendants' Motion be denied, as the claims pleaded in Plaintiff's Complaint are the claims Plaintiff is currently pursuing before this Court.

Respectfully submitted this 28th day of October, 2019,

/s/ Abby M. Richardson

ABBY M. RICHARDSON (RIC102)

*Attorney for Plaintiff*

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone:    (251) 338-1695
Facsimile:    (251) 338-1698
Email:        *abby@richardsonlawllc.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have on October 28, 2019, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and request the Court to serve the same electronically, to the following:

MELISSA P. HUNTER
mhunter@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629

*Attorney for Frank Cockrell Body Shop d/b/a*
*Cockrell's Body Shop and Bob House*

/s/ Abby M. Richardson

OF COUNSEL

# DOC 31



**AlaFile E-Notice**

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was FILED on 10/28/2019 3:55:54 PM

**C001 PORTER KAREN**

RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT

[Filer: RICHARDSON ABBY MORROW]

Notice Date:      10/28/2019 3:55:54 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: HUNTER MELISSA PIGG
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was FILED on 10/28/2019 3:55:54 PM

**C001 PORTER KAREN**

RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT

[Filer: RICHARDSON ABBY MORROW]

Notice Date:     10/28/2019 3:55:54 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To:  OVERTON EDWARD THOMAS SR.
toverton@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following matter was FILED on 10/28/2019 3:55:54 PM

**C001 PORTER KAREN**

RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT

[Filer: RICHARDSON ABBY MORROW]

Notice Date:     10/28/2019 3:55:54 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 32

ELECTRONICALLY FILED
11/1/2019 10:41 AM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | | |
|---|---|---|---|
| PORTER KAREN,<br>Plaintiff, | ) | | |
| | ) | | |
| V. | ) | Case No.: | CV-2019-902061.00 |
| | ) | | |
| FRANK COCKRELL BODY SHOP, INC.,<br>HOUSE BOB,<br>Defendants. | )<br>)<br>) | | |

## ORDER

MOTION FOR MORE DEFINITE STATEMENT filed by FRANK COCKRELL BODY SHOP, INC. and HOUSE BOB is MOOT.

**DONE this 1st day of November, 2019.**

**/s/ MICHAEL A YOUNGPETER**
**CIRCUIT JUDGE**

# DOC 33



**AlaFile E-Notice**

02-CV-2019-902061.00
Judge: MICHAEL A YOUNGPETER

To: RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

A court action was entered in the above case on 11/1/2019 10:41:41 AM

ORDER

[Filer: ]

Disposition:    MOOT
Judge:          MAY

Notice Date:    11/1/2019 10:41:41 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

Judge: MICHAEL A YOUNGPETER

To:  HUNTER MELISSA PIGG
mhunter@gallowayllp.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

A court action was entered in the above case on 11/1/2019 10:41:41 AM

ORDER

[Filer: ]

Disposition:      MOOT
Judge:            MAY

Notice Date:      11/1/2019 10:41:41 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

Judge: MICHAEL A YOUNGPETER

To:  OVERTON EDWARD THOMAS SR.
toverton@gallowayllp.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

A court action was entered in the above case on 11/1/2019 10:41:41 AM

ORDER

[Filer: ]

Disposition:     MOOT
Judge:           MAY

Notice Date:     11/1/2019 10:41:41 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 34

ELECTRONICALLY FILED
11/13/2019 3:40 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

KAREN PORTER,

     Plaintiff,

v.

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

CIVIL ACTION NO.: CV-2019-902061

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now the Defendants, Frank Cockrell Body Shop, Inc., and Bob House, and respond to the Plaintiff's Complaint as follows:

### PARTIES

1.    Upon information and belief, admitted.

2.    The Defendants admit that Frank Cockrell Body Shop, Inc., is a domestic corporation conducting business in Mobile County. Defendants deny the remaining allegations of the paragraph.

3.    The Defendants admit that Bob House is over the age of nineteen years and is a resident of the State of Alabama. Defendants further admit that Bob House is employed by Frank Cockrell Body Shop, Inc. and supervised the Plaintiff. Defendants deny as stated the remaining allegations of the paragraph.

### FACTS

4.    The Defendants admit that Karen Porter was employed by the Defendant from May 2017 until December 2017. The Defendants further admit that the Plaintiff was

terminated. The Defendants deny the remaining allegations of the paragraph and demand strict proof thereof.

5.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

6.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

7.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

8.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

9.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

10.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

11. The Defendants deny the allegations of this paragraph and demand strict proof thereof.

12.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

13.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

14.     The Defendants deny the allegations of this paragraph and demand strict proof thereof.

2

15.    The Defendants deny the allegations of this paragraph and demand strict proof thereof.

16.    The Defendants deny the allegations of this paragraph and demand strict proof thereof.

### CAUSES OF ACTION AND RELIEF SOUGHT

17.    The Defendants deny that the Plaintiff is entitled to the relief requested.

### COUNT ONE
*(Assault)*

18.    The Defendants adopt and incorporate their prior responses as if set forth fully herein.

19.    The Defendants deny the allegations of this paragraph and demand strict proof thereof.

### COUNT TWO
*(Battery)*

20.    The Defendants adopt and incorporate their prior responses as if set forth fully herein.

21.    The Defendants deny the allegations of this paragraph and demand strict proof thereof.

### COUNT THREE
*(Outrage/Intentional Infliction of Emotion Distress)*

22.    The Defendants adopt and incorporate their prior responses as if set forth fully herein.

23.    The Defendants deny the allegations of this paragraph and demand strict proof thereof.

3

## COUNT FOUR

*(Negligent and/or wanton training, supervision, and retention)*

24.     The Defendants adopt and incorporate their prior responses as if set forth

fully herein.

25.     The Defendants deny the allegations of this paragraph and demand strict

proof thereof.

## COUNT FIVE

*(False Imprisonment)*

26.     The Defendants adopt and incorporate their prior responses as if set forth

fully herein.

27.     The Defendants deny the allegations of this paragraph and demand strict

proof thereof.

## COUNT SIX

*(Invasion of Privacy)*

28.     The Defendants adopt and incorporate their prior responses as if set forth

fully herein.

29.     The Defendants deny the allegations of this paragraph and demand strict

proof thereof.

## PRAYER FOR RELIEF

The Defendants deny that the Plaintiffs are entitled to the relief requested.

4

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants cannot be held responsible for all causes of action brought pursuant to 42 U.S.C. § 1983 under the doctrine of *respondeat superior* or any other theory of derivative liability.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a cause of action upon which relief may be granted against these Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded against these Defendants under those causes of action brought pursuant to federal law.

### FIFTH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded against these Defendant under causes of action brought pursuant to state law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and prove that these Defendants were deliberately indifferent to any rights guaranteed to the Plaintiff under the Constitution and laws of the United States.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the complaint are barred by the Plaintiff's failure to mitigate her damages as alleged, if any.

5

## EIGHTH AFFIRMATIVE DEFENSE

The limitations on compensatory and punitive damages as provided by 42 U.S.C.

§ 2000e should be applied and are applicable in this case.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert that they are not the proximate cause of the Plaintiff's

damages, if any.

## TENTH AFFIRMATIVE DEFENSE

The limitations on compensatory and punitive damages as cited in 42 U.S.C.

§2000 e-5 (g)(2)(b) should be applied and/or are applicable in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

As it concerns the alleged discriminatory and retaliatory acts, separately and

collectively, Plaintiff failed to file her Charge of Discrimination within the time limits

established by 42 U.S.C. § 2000 e-5 and is thus barred from recovering damages in this

matter.

## TWELFTH AFFIRMATIVE DEFENSE

The acts complained of were not the product of unconstitutional policy or custom

of the Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not appropriate in this action because Plaintiff cannot

demonstrate that Defendants or any of their managerial agents behaved with malice or

reckless indifference to the Plaintiff's rights.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

Any adverse employment decision affecting the Plaintiff was a result of legitimate non-discriminatory policy and practice unrelated to the Plaintiff's sex or complaints of discriminatory treatment.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff may prove that the Plaintiff's sex or complaints of discriminatory treatment was a motivating factor behind the employment decisions affecting her, the Defendants contend that it would be proven that said action would have been made in any event and, thus, the limits on damages and fees imposed by 42 U.S.C. §2000 e are applicable.

## SIXTEENTH AFFIRMATIVE DEFENSE

The actions of the Defendants were based on legitimate non-discriminatory reasons, and as such, are not actionable as alleged.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff cannot establish the existence of any discriminatory intent or practice on the Defendants' part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants at all times acted in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to utilize appropriate policies and procedures of the Defendants and, as such, is not allowed to recover under the Farragher/Ellerth defenses.

7

## TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff failed to timely initiate and exhausts her administrative remedies and/or requirements. As such, jurisdiction is not afforded for these claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants plead the statute(s) of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Defendants plead contributory negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to attorney fees or reimbursement of expenses for claims raised under Alabama law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the investigation of this case, discovery proceedings, or otherwise in this case, and reserves its right to amend its answer to assert any such defense.

Respectfully submitted:

**s/Melissa P. Hunter**
MELISSA P. HUNTER (PIG003)
mhunter@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629
PH: (251)476-4493 - FX: (251)479-5566
*Attorneys for Frank Cockrell Body Shop d/b/a*
*Cockrell's Body Shop and Bob House*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Abby M. Richardson, Esq.

**s/Melissa P. Hunter**

# DOC 35



AlaFile E-Notice

02-CV-2019-902061.00

To: MELISSA PIGG HUNTER
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following answer was FILED on 11/13/2019 3:40:53 PM

Notice Date: 11/13/2019 3:40:53 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To:  RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following answer was FILED on 11/13/2019 3:40:53 PM

Notice Date:      11/13/2019 3:40:53 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: OVERTON EDWARD THOMAS SR.
toverton@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following answer was FILED on 11/13/2019 3:40:53 PM

Notice Date:    11/13/2019 3:40:53 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 36

ELECTRONICALLY FILED
1/16/2020 11:38 AM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| KAREN PORTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NUMBER |
| | * | |
| v. | * | 02-CV-2019-902061.00 |
| | * | |
| FRANK COCKRELL BODY SHOP | * | |
| INC. d/b/a COCKRELL'S BODY | * | |
| SHOP, and BOB HOUSE, | * | **JURY TRIAL REQUESTED** |
| | * | |
| | * | |
| Defendants. | * | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff KAREN PORTER, and files this Amended Complaint to add

to her causes of action claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, *et seq.*, as amended ("Title VII"), and for causes of action as follows:

### PARTIES

1. The Plaintiff, Karen Porter, is over the age of nineteen years, is currently and
was at times material to this Complaint a resident of Mobile County, Alabama, and was an
employee of Defendants in 2017.

2. The Defendant, Frank Cockrell Body Shop Inc., d/b/a Cockrell's Body Shop
(hereinafter referred to as "Cockrell's") is a domestic corporation conducting business in
Mobile County. The company consists of at least three locations where it conducts automotive
repair services and at all times relevant to this Complaint employed at least fifteen persons.

3. The Defendant, Bob House, is over the age of nineteen years and is a resident
of the State of Alabama. Mr. House was a Supervisor employed by Cockrell's and was Ms.
Porter's immediate supervisor.

1

**CONDITIONS PRECEDENT**

4.     The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. She timely filed a charge of sex discrimination, quid pro quo sexual harassment, retaliation and hostile work environment within 180 days of the last discriminatory act. The Plaintiff timely amends her suit to add her Title VII claims within 90 days of receipt of her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).

**FACTS**

5.     Plaintiff, Karen Porter, worked at Cockrell's Body Shop as Parts Manager from May 25, 2017 until December 29, 2017, when she was unlawfully terminated. While working at Cockrell's, Ms. Porter was discriminated against on account of her sex and subjected to a sexually hostile working environment which resulted in a tangible employment action, and retaliated against for opposing same.

6.     Within the first week of working at Cockrell's, Ms. Porter began to be sexually harassed by her manager, Defendant Bob House.

7.     The harassment began as verbal harassment, then quickly escalated. House told Porter that she should get a pre-paid Visa card so they could get a room to have a "quickie" during lunch. She declined.

8.     Sexual comments and innuendo were constantly a part of Mr. House's interactions with Ms. Porter. House repeatedly commented on Ms. Porter's jeans and her buttocks. House once, in a meeting and in front of other employees, made a comment about the cream in the donuts, referencing the cream in his pants. Mr. House also talked about his wife's body and their sexual activities.

9.     House asked Ms. Porter to arrive to work early in the morning so they could

2

have some time alone together. Ms. Porter declined.

10. The verbal harassment ultimately became physical. Beginning in the summer of 2017 and continuously throughout the remainder of her employment, Mr. House repeatedly grabbed Ms. Porter's buttocks and breasts while she was working.

11. Mr. House repeatedly put his hand down the back of Ms. Porter's pants.

12. On each of these occasions, Ms. Porter would pull away and tell him to stop.

13. The physical assaults happened, on average, at least twice a day.

14. On several occasions, Mr. House trapped Ms. Porter in the paint storage room, put his foot on the door so she could not escape, and groped her all over her body – including her breasts and buttocks. He attempted to put his hands down her pants and tried to kiss her. Ms. Porter pushed him off and told him to stop. The first of these occasions was in August or September, 2017.

15. As a direct and proximate cause of Ms. Porter's refusal to acquiesce to House's sexual advances, in retaliation for opposing same, and/or on account of her sex, House terminated Porter and replaced her with a lesser qualified male, Bobby Nichols.

16. On information and belief, Defendant Cockrell's, through its managers and employees, was aware or should have been aware of House's actions and took no steps to stop them.

17. As a result of Defendants' actions and omissions, Plaintiff has suffered extreme emotional distress, mental anguish, and anxiety. In addition, Plaintiff has suffered lost wages and future earning capacity.

3

## CAUSES OF ACTION AND RELIEF SOUGHT

18. The Plaintiff, Karen Porter, seeks damages against the Defendants for the

following:

    a)    Assault;

    b)    Battery;

    c)    Outrage/Intentional infliction of emotional distress;

    d)    Negligent and wanton training, supervision, and retention;

    e)    False Imprisonment;

    f)    Invasion of privacy; and

    g)    Title VII (hostile work environment, quid pro quo sexual harassment,

          retaliation, and sex discrimination)

### COUNT ONE
*(Assault)*

19. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 19
as fully set forth herein.

20. Plaintiff claims the Defendants acted separately, severally, and jointly to
tortiously assault Plaintiff on the multiple occasions described above. These acts were done in
the line and scope of employment, and/or in furtherance of the employer's interest, and/or
participated in, authorized, and/or ratified by the Defendants. Defendants also had actual
and/or constructive knowledge of the tortious conduct and failed to take adequate steps to
remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

### COUNT TWO
*(Battery)*

21. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 20
as fully set forth herein.

22. Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously batter Plaintiff on the multiple occasions described herein. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT THREE
*(Outrage/Intentional Infliction of Emotional Distress)*

23. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 22 as fully set forth herein.

24. Plaintiff claims the Defendants acted separately, severally, and jointly to tortiously, intentionally, and/or recklessly inflict emotional distress on Plaintiff. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants' conduct was extreme and outrageous and caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FOUR
*(Negligent and/or wanton training, supervision, and retention)*

25. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 24 as fully set forth herein.

26. Plaintiff claims the Defendant Cockrell's negligently and/or wantonly failed to train and supervise its employees, proximately causing the severe harm suffered by Plaintiff. Defendant Cockrell's negligently and/or wantonly retained and failed to train or adequately

5

supervise the offending employees after actual and/or constructive knowledge of their tortious acts. As a direct and proximate result, Plaintiff has suffered extreme harm.

## COUNT FIVE
*(False Imprisonment)*

27.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 26 as fully set forth herein.

28.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully detained Plaintiff for a length of time with direct restraint whereby she was deprived of her personal liberty. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation.  As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SIX
*(Invasion of Privacy)*

29.     Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 28 as fully set forth herein.

30.     Plaintiff claims Defendants (individually, separately, severally and jointly) unlawfully intruded upon the Plaintiff's physical solitude or seclusion. These acts were done in the line and scope of employment, and/or in furtherance of the employer's interest, and/or participated in, authorized, and/or ratified by the Defendants. Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. As a direct and proximate result, Plaintiff suffered extreme harm.

## COUNT SEVEN
*(Title VII Claims)*

6

31. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 30 as fully set forth herein.

32. Defendants willfully and maliciously subjected the Plaintiff to a hostile work environment based on her sex, thereby discriminating against her on the basis of sex with respect to the terms, conditions, and privileges of her employment.

33. The creation of a sexually hostile work environment for Plaintiff by her supervisor was unwelcome and was sufficiently severe and/or pervasive to adversely affect the terms and conditions of her employment.

34. Defendant Cockrell's knew or should have known of the hostile work environment to which Plaintiff was subjected and did not take effective preventative action or prompt effective remedial action.

35. As a direct and proximate result of Plaintiff's refusal to acquiesce to Defendant House's sexual advances, and/or in retaliation for her opposition to same, Defendant Cockrell's terminated her employment.

36. The creation of the sexually hostile work environment and the tangible employment action and retaliation taken against Plaintiff were was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

37. Defendant further discriminated against Plaintiff on the basis of her sex by terminating her employment and replacing her with a lesser-qualified male. This violation of Plaintiff's rights was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

38. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

7

39.     Plaintiff is now suffering, and will continue to suffer irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiff prays that this Honorable

Court enter judgment against the Defendants for the following relief:

1)     Compensatory damages;

2)     Punitive damages;

3)     Damages for emotional distress and mental anguish;

4)     Lost income and future earning capacity;

5)     A declaratory judgment that Defendants' employment practices complained of hereinabove are unlawful and have violated and continue to violate the Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*;

6)     A permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, other representatives, and all those acting in connection with the Defendants and at the Defendants' instruction, from continuing to violate Title VII of the Civil Rights Act of 1964, as amended;

7)     Other appropriate declaratory relief;

8)     Reinstatement into the position she would have occupied but for the unlawful acts of discrimination and retaliation and/or front pay;

9)     Back pay;

10)    Interest on back pay;

11)    Payment or provision of fringe benefits;

12)    Offers of promotion;

13)    An award of costs, attorneys' fees, and expenses; and

14)    Any and all other and different relief that she may be entitled.

Plaintiff respectfully requests trial by jury on all issues pursuant to 41 U.S.C. § 1981a.

8

Respectfully submitted,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RIC102)
*Attorney for Plaintiff*

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Telephone:    (251) 338-1695
Facsimile:    (251) 338-1698
Email:        *abby@richardsonlawllc.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have on January 16, 2020, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and request the Court to serve the same electronically, to the following:

MELISSA P. HUNTER
mhunter@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629

*Attorney for Frank Cockrell Body Shop d/b/a*
*Cockrell's Body Shop and Bob House*

*/s/ Abby M. Richardson*
OF COUNSEL

9

# DOC 37



**AlaFile E-Notice**

02-CV-2019-902061.00

To: ABBY MORROW RICHARDSON
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 1/16/2020 11:38:18 AM

Notice Date:      1/16/2020 11:38:18 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: HUNTER MELISSA PIGG
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 1/16/2020 11:38:18 AM

Notice Date:     1/16/2020 11:38:18 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00

To: OVERTON EDWARD THOMAS SR.
toverton@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following complaint was FILED on 1/16/2020 11:38:18 AM

Notice Date:     1/16/2020 11:38:18 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 38

ELECTRONICALLY FILED
1/30/2020 3:27 PM
02-CV-2019-902061.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, A**

KAREN PORTER,

    Plaintiff,

v.

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

    Defendants.

CIVIL ACTION NO.:  CV-2019-902061

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that Defendants Frank Cockrell Body Shop d/b/a Cockrell's Body Shop and Bob House have on this date filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.  Pursuant to 28 U.S.C. § 1446(d), the filing of such notice effects the removal of this action and mandates that this Court shall proceed no further unless and until this case is remanded.

        **s/Melissa P. Hunter**
        MELISSA P. HUNTER   (PIG003)
        mhunter@gallowayllp.com
        GALLOWAY, WETTERMARK
         & RUTENS, LLP
        Post Office Box 16629
        Mobile, Alabama  36616-0629
        PH: (251)476-4493 - FX: (251)479-5566
        *Attorneys for Frank Cockrell Body Shop d/b/a*
        *Cockrell's Body Shop and Bob House*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Abby M. Richardson, Esq.

        **s/Melissa P. Hunter**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

KAREN PORTER,

    Plaintiff,

v.

CIVIL ACTION NO.: 1:20-cv-00050

FRANK COCKRELL BODY SHOP,
INC. d/b/a COCKRELL'S BODY
SHOP, and BOB HOUSE,

    Defendants.

## NOTICE OF REMOVAL

Defendants, Frank Cockrell Body Shop d/b/a Cockrell's Body Shop and Bob House, hereby give notice of the removal of this action from the Circuit Court of Mobile County to the United States District Court for the Southern District of Alabama, Southern Division, on the following grounds:

1.    This case was filed in the Circuit Court of Mobile County against the above Defendants on or about July 29, 2019.

2.    Plaintiffs filed an Amended Complaint on January 16, 2020.

3.    Plaintiffs assert claims against Defendants Frank Cockrell Body Shop d/b/a Cockrell's Body Shop and Bob House for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended.

4.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331; therefore, this action is removable pursuant to 28 U.S.C. §1441(a).

5.    Pursuant to 28 U.S.C. §1441(a) the case is removable and the Court has jurisdiction over the claims asserted in the complaint.

6.     Filed concurrently herewith are copies of all process, pleadings, and orders served upon these Defendants in compliance with 28 U.S.C. §1446(a).

7.     This notice of removal is signed by counsel for the above-named Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**s/Melissa P. Hunter**
MELISSA P. HUNTER   (HUNTM3367)
mhunter@gallowayllp.com
EDWARD T. OVERTON, SR. (OVE010)
toverton@gallowayllp.com
GALLOWAY, WETTERMARK
   & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493
FX: (251)479-5566
*Attorneys for Frank Cockrell Body Shop d/b/a*
*Cockrell's Body Shop and Bob House*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Abby M. Richardson, Esq.

**s/Melissa P. Hunter**

2

# DOC 39



**AlaFile E-Notice**

02-CV-2019-902061.00

To: MELISSA PIGG HUNTER
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF REMOVAL was FILED on 1/30/2020 3:27:21 PM

Notice Date:     1/30/2020 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To: RICHARDSON ABBY MORROW
abby@richardsonlawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF REMOVAL was FILED on 1/30/2020 3:27:21 PM

Notice Date: 1/30/2020 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**AlaFile E-Notice**

02-CV-2019-902061.00

To:  OVERTON EDWARD THOMAS SR.
toverton@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF REMOVAL was FILED on 1/30/2020 3:27:21 PM

Notice Date:     1/30/2020 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2019-902061.00

To: MELISSA PIGG HUNTER
mhunter@gallowayllp.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL
02-CV-2019-902061.00

The following NOTICE OF REMOVAL was FILED on 1/30/2020 3:27:21 PM

Notice Date: 1/30/2020 3:27:21 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

# DOC 40

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: DELINDA SALTER**



County: **02**   Case Number: **CV-2019-902061.00**   Court Action:
Style: **KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL**

Real Time

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 02-MOBILE | Case Number: | CV-2019-902061.00 | Judge: | MAY:MICHAEL A YOUNGPETER |
| Style: | KAREN PORTER V. FRANK COCKRELL BODY SHOP, INC. ET AL | | | | |
| Filed: | 07/29/2019 | Case Status: | ACTIVE | Case Type: | OTHER TORT |
| Trial Type: | JURY | Track: | FAST | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 2 | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | Court Action Date: |
| Num of Trial days: | 0 | Num of Liens: 0 | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge:  : | Disposition Type: |
| Revised Judgement Date: | | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | |
| Date Trial Began but No Verdict (TBNV2): | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

#### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: 01/16/2020 | Updated By: AJA |

### Settings

#### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 2 | 11/01/2019 | 001 | 09:00 AM | MOTD - MOTION DOCKET |
| 4 | 04/24/2020 | 001 | 09:00 AM | READ - CERT TO BE FILED |

### Parties

**Party 1 - Plaintiff INDIVIDUAL - PORTER KAREN**

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | PORTER KAREN | | Type: | I-INDIVIDUAL |
| Index: | D FRANK COCKRE | Alt Name: | | Hardship: No | JID: | MAY |
| Address 1: | 118 N. ROYAL STREET | | | Phone: | (205) 000-0000 | |
| Address 2: | SUITE 100 | | | | | |
| City: | MOBILE | State: | AL | Zip: | 36602-0000 Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | F Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | RIC102 | | RICHARDSON ABBY MORROW | ABBY@RICHARDSONLAWLLC.COM | (251) 338-1695 |

## Party 2 - Defendant BUSINESS - FRANK COCKRELL BODY SHOP, INC.

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | FRANK COCKRELL BODY SHOP, INC. | | Type: | B-BUSINESS |
| Index: | C PORTER KAREN | Alt Name: | | Hardship: No | JID: | MAY |
| Address 1: | C/O CHRISTINA M. JOHNSTON | | | Phone: | (205) 000-0000 | |
| Address 2: | 5756 VAUGHN DRIVE E. | | | | | |
| City: | SATSUMA | State: | AL | Zip: | 36572-0000 Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 07/29/2019 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: 09/03/2019 | Reissue Type: A-PROCESS SERVER |
| Return: | Return Type: | Return: | Return Type: |
| Served: 09/05/2019 | Service Type V-PROCESS SERVER | Service On: | Served By: |

Answer: 11/13/2019  Answer Type: D-COMPLAINT DENIED     Notice of No Service:                    Notice of No Answer:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | PIG003 | | HUNTER MELISSA PIGG | MHUNTER@GALLOWAYLLP.COM | (251) 476-4493 |
| Attorney 2 | OVE010 | | OVERTON EDWARD THOMAS SR. | TOVERTON@GALLOWAYLLP.COM | (251) 476-4493 |

### Party 3 - Defendant INDIVIDUAL - HOUSE BOB

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | HOUSE BOB | | | Type: | I-INDIVIDUAL |
| Index: | C PORTER KAREN | Alt Name: | | Hardship: | No | JID: | MAY |
| Address 1: | 3367 RIVERSIDE DRIVE W | | | Phone: | (205) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | MOBILE | State: | AL | Zip: | 36605-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | M | Race: | |

#### Court Action

Court Action:                                                              Court Action Date:
Amount of Judgement:  $0.00                Court Action For:              Exemptions:
Cost Against Party:    $0.00                Other Cost:   $0.00            Date Satisfied:
Comment:                                                                   Arrest Date:
Warrant Action Date:                       Warrant Action Status:         Status Description:

#### Service Information

Issued: 07/29/2019 Issued Type: F-CERTIFIED MAIL BY FIL Reissue:      09/03/2019    Reissue Type: A-PROCESS SERVER
Return: 09/11/2019 Return Type: C-UNCLAIMED CERT MAIl Return:                       Return Type:
Served: 09/05/2019 Service Type: V-PROCESS SERVER        Service On:                Served By:
Answer: 11/13/2019 Answer Type: D-COMPLAINT DENIED       Notice of No Service:      Notice of No Answer:

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | PIG003 | | HUNTER MELISSA PIGG | MHUNTER@GALLOWAYLLP.COM | (251) 476-4493 |
| Attorney 2 | OVE010 | | OVERTON EDWARD THOMAS SR. | TOVERTON@GALLOWAYLLP.COM | (251) 476-4493 |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $12.40 | $12.40 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $19.40 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $315.00 | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |

|  |  |  |  | Total: | $472.40 | $491.80 | -$19.40 | $0.00 |
|---|---|---|---|---|---|---|---|---|

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/30/2019 | CREDIT | CONV | 2019229 | 5035280 | $18.40 | C001 | 000 |  | N |  |  | COG |
| 07/30/2019 | RECEIPT | CV05 | 2019229 | 5035290 | $315.00 | C001 | 000 |  | N |  |  | COG |
| 07/30/2019 | RECEIPT | JDMD | 2019229 | 5035300 | $100.00 | C001 | 000 |  | N |  |  | COG |
| 07/30/2019 | RECEIPT | VADM | 2019229 | 5035310 | $45.00 | C001 | 000 |  | N |  |  | COG |
| 08/14/2019 | CREDIT | CONV | 2019242 | 5055200 | $1.00 | C001 | 000 |  | N |  |  | COG |
| 08/14/2019 | RECEIPT | AOCC | 2019242 | 5055190 | $12.40 | C001 | 000 |  | N |  |  | COG |

### Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 7/29/2019 | 4:04 PM | ECOMP | COMPLAINT E-FILED. | RIC102 |
| 7/29/2019 | 4:04 PM | FILE | FILED THIS DATE: 07/29/2019 (AV01) | AJA |
| 7/29/2019 | 4:04 PM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
| 7/29/2019 | 4:04 PM | ASSJ | ASSIGNED TO JUDGE: MICHAEL A YOUNGPETER (AV01) | AJA |
| 7/29/2019 | 4:04 PM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 7/29/2019 | 4:04 PM | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 7/29/2019 | 4:04 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 7/29/2019 | 4:04 PM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 7/29/2019 | 4:04 PM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/29/2019 | 4:04 PM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/29/2019 | 4:04 PM | C001 | C001 PARTY ADDED: PORTER KAREN (AV02) | AJA |
| 7/29/2019 | 4:04 PM | C001 | LISTED AS ATTORNEY FOR C001: RICHARDSON ABBY MORR | AJA |
| 7/29/2019 | 4:04 PM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/29/2019 | 4:04 PM | D001 | D001 PARTY ADDED: FRANK COCKRELL BODY SHOP, INC. | AJA |
| 7/29/2019 | 4:04 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/29/2019 | 4:04 PM | D001 | CERT MAIL-FIL ISSUED: 07/29/2019 TO D001 (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D002 | D002 PARTY ADDED: HOUSE BOB (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D002 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 7/29/2019 | 4:05 PM | D002 | CERT MAIL-FIL ISSUED: 07/29/2019 TO D002 (AV02) | AJA |
| 7/30/2019 | 4:30 PM | TRAC | CASE ASSIGNED TO: FAST TRACK (AV01) | JOD |
| 7/30/2019 | 4:30 PM | DAT4 | FOR: CERT TO BE FILED ON 04/24/2020 @ 0900A (AV01) | JOD |
| 8/7/2019 | 2:40 PM | ESCAN | SCAN - FILED 8/7/2019 - PRE TRIAL ORDER | JOD |
| 8/13/2019 | 3:25 PM | D002 | D002 ADDR1 CHANGED FROM: 3324 HARBOR VIEW COURT | AJA |
| 8/13/2019 | 3:25 PM | D002 | REISSUE OF CERTIFIED MA ON 08/13/2019 FOR D002 | AJA |
| 8/13/2019 | 3:25 PM | EALIA | ALIAS SUMMONS E-FILED | RIC102 |
| 8/13/2019 | 3:25 PM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 8/14/2019 | 8:28 AM | D002 | REISSUE OF CERTIFIED MA ON 08/14/2019 FOR D002 | JOD |
| 8/14/2019 | 8:33 AM | ESCAN | SCAN - FILED 8/14/2019 - SUMMONS ISSUED | JOD |
| 9/3/2019 | 1:19 PM | EALIA | ALIAS SUMMONS E-FILED | RIC102 |
| 9/3/2019 | 1:19 PM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 9/3/2019 | 1:19 PM | D001 | REISSUE OF PROCESS SERV ON 09/03/2019 FOR D001 | AJA |
| 9/3/2019 | 1:25 PM | EALIA | ALIAS SUMMONS E-FILED | RIC102 |
| 9/3/2019 | 1:25 PM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 9/3/2019 | 1:25 PM | D002 | REISSUE OF PROCESS SERV ON 09/03/2019 FOR D002 | AJA |
| 9/9/2019 | 3:14 PM | D002 | SERVICE OF PROCESS SERVE ON 09/05/2019 FOR D002 | HUP |

(transcription truncated due to error)

| 10/15/2019 4:07:25 PM | 26 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
|---|---|---|---|---|
| 10/18/2019 10:42:20 AM | 27 | SET FOR HEARING - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 10/16/2019 1:28:05 PM | 28 | NOTICE OF APPEARANCE | Notice of Appearance of Edward T. Overton, Sr. as counsel for Defendants | 1 |
| 10/16/2019 1:28:11 PM | 29 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 10/28/2019 3:55:54 PM | 30 | OBJECTION | Plaintiff's Opposition to Defendants' Motion for More Definite Statement | 3 |
| 10/28/2019 3:55:57 PM | 31 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 11/1/2019 10:41:45 AM | 33 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 11/1/2019 10:41:41 AM | 32 | ORDER | MOTION MOOT - More Definite Statement | 1 |
| 11/13/2019 3:40:53 PM | 34 | ANSWER | Defendants' Answer to Plaintiff's Complaint | 9 |
| 11/13/2019 3:40:54 PM | 35 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 11/13/2019 3:40:53 PM | 34 | ANSWER | Defendants' Answer to Plaintiff's Complaint | 9 |
| 1/16/2020 11:38:18 AM | 36 | AMENDED COMPLAINT | Amended Complaint | 9 |
| 1/16/2020 11:38:22 AM | 37 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 1/30/2020 3:27:21 PM | 38 | NOTICE OF REMOVAL | Defendants' Notice of Filing Notice of Removal | 3 |
| 1/30/2020 3:27:26 PM | 39 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |

 *END OF THE REPORT*