IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 20-0050-CG-B |
| | ) |
| FRANK COCKRELL BODY SHOP, INC. d/b/a/ COCKRELL'S BODY SHOP, and BOB HOUSE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants' motion to stay proceedings and compel arbitration (Doc. 15), Plaintiff's opposition thereto (Doc. 21), and Defendants' reply (Doc 22). For reasons which will be explained below, the Court finds that Defendants have not waived their right to arbitration and that Defendants' motion to stay and compel arbitration should be granted.

There is an overriding federal policy favoring arbitration. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Though federal policy favors arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Accordingly, "[t]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination

[u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT & T Tech., Inc. v. Commn's Workers of Am.*, 475 U.S. 643, 649 (1986)).  Issues to be decided by the Court "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

In the instant case, Plaintiff does not dispute that the arbitration agreement is valid or that the agreement covers the dispute at issue.  However, Plaintiff contends that Defendants have waived their right to arbitrate by engaging in the instant litigation. Arbitration should not be compelled when the party who seeks to compel arbitration has waived its right to do so. *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) (citation omitted).  In considering the issue of waiver, the court is mindful that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365-66 (11th Cir. 1995) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Id.* (citation omitted).  "To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test: First, [they] decide if, under the totality of

the circumstances, the party has acted inconsistently with the arbitration right, and, second, [they] look to see whether, by doing so, that party has in some way prejudiced the other party." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011) (citations and internal quotations omitted). "There is no set rule ... as to what constitutes a waiver ... of the arbitration agreement." *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 731 (11th Cir. 2015) (citation omitted). "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 13656 (citation omitted). "[I]n determining whether there is prejudice to the other party, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *Grigsby*, 635 Fed.App'x 728 at 731-32. "Notably, though, the party who argues waiver bears a heavy burden of proof. " *Id.* (quoting *Krinsk*, 654 F.3d at 1200 n. 17 (internal quotations omitted)).

In the instant case, Plaintiff filed state law claims on July 29, 2019, in the Circuit Court of Mobile County, Alabama. (Doc. 2-1 PageID.4-13). Defendants were served with the complaint on September 5, 2019. (Doc. 2-1 PageID.9-16). On October 15, 2019, Defendants filed a motion for more definite statement asserting that there were no counts alleged against Defendant Cockrell's Body Shop and requesting a delineation of the counts asserted since she appeared to assert sexual harassment and discrimination claims which are not recognized independent causes of action under Alabama law. (Doc. 2-1 PageID.102-03). Plaintiff responded

3

asserting that she recently received a dismissal and notice of rights to sue letter from the EEOC and she may move to amend her complaint within her ninety-day window. (Doc. 2-1 PageID.114). The Circuit Court determined the motion was moot on November 1, 2019 and Defendant answered the complaint on November 13, 2019. (Doc. 2-1 PageID.121; Page ID.127-135). Plaintiff amended her complaint to add Title VII claims on January 16, 2020 and on January 30, 2020, the Defendants removed the case to this Court. (Doc. 2-1 PageID.141-149; Doc. 1 PageID.1-2). Defendants answered the amended complaint on February 6, 2020. (Doc. 5 PageID.178-89). Defendants did not mention arbitration in either their answer to the amended complaint or their answer to the original complaint. Both parties filed their required initial disclosures on April 2, 2020. (Docs. 11, 12). On that same date Defendants moved to stay and compel arbitration. (Doc. 14). Both parties moved to hold the motion to compel arbitration in abeyance in order for the parties to engage in a settlement conference with the magistrate judge. (Doc. 17). A settlement conference was held but was unsuccessful and the parties were ordered to file their response and reply to the motion to stay and compel arbitration. (Doc. 20).

     As Defendants point out, the only pleading practice that took place in state court was a motion for more definite statement. Motions to dismiss are generally not inconsistent with an agreement to arbitrate "where the party seeks dismissal on non-merits grounds," "where the party seeks dismissal of a frivolous claim," "or where the motion seeks to separate arbitrable from non-arbitrable claims." *Davis v. White*, 795 F. App'x 764, 769 (11th Cir. 2020) (citations omitted). Defendants'

4

motion did not seek to resolve the claims on the merits. The motion only requested that the Court order Plaintiff to clarify her claims.

The efforts by both parties to explore settlement also is not inconsistent with an agreement to arbitrate. "In general, '[a]ttempts at settlement ... are not inconsistent with an inclination to arbitrate and do not preclude the exercise of a right to arbitration.'" *Jeffries v. Wells Fargo & Co.*, 2017 WL 3149513, at *5 (N.D. Ala. July 25, 2017) (quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991)).

The only actions or inactions by Defendants that were inconsistent with an intent to arbitrate was their failure to assert a right to arbitrate in their answers and their delay in moving to compel arbitration after being served with the complaint. Defendants waited almost six months after being served before moving to compel arbitration. However, during that time Defendants sought clarification of the claims which were subsequently amended by Plaintiff and the parties attempted to settle the matter. Defendants' participation in the litigation other than the actions already discussed has been minimal. Additionally, there is no indication that the parties have incurred significant litigation expenses that arbitration was designed to alleviate. The only discovery conducted was the initial disclosures the parties were required to submit.

To support her waiver argument Plaintiff points to an Eleventh Circuit case, *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507 (11th Cir. 1990), which found that the plaintiff in that case had waived its right to arbitrate where it

5

brought suit and then waited eight months to demand arbitration, during which time two motions were filed and some discovery was undertaken.  However, in *S & H Contractors*, unlike here, the party demanding arbitration was the plaintiff.  The mere act of filing the suit in federal court is inconsistent with an intent to arbitrate.  Additionally, the plaintiff in *S & H Contractors* engaged in significant discovery by deposing five of the defendant's employees. *Id.* at 1514.  There has been no suggestion that similar discovery has been conducted in the instant case.

In light of the above, the Court finds that Plaintiff has not met her heavy burden of showing that Defendants substantially participated in litigation to a point inconsistent with an intent to arbitrate or that the participation resulted in prejudice to Plaintiff.  Accordingly, the Court finds that Defendants have not waived their right to arbitration and that arbitration should be compelled.

## CONCLUSION

For the reasons stated above, Defendants' motion to stay proceedings and compel arbitration (Doc. 15), is **GRANTED** and this action is hereby **STAYED** pending completion of arbitration. The **Clerk of this Court** is **DIRECTED** to close this file for statistical purposes.

**DONE** and **ORDERED** this 20th day of  July, 2020.

                                       /s/ Callie V. S. Granade
                                       SENIOR UNITED STATES DISTRICT JUDGE